Case number 21-6155 ACT Inc v. Worldwide Interactive Network et al. Oral argument, 15 minutes per side. Mr. Lapidus for the appellant. Thank you and may it please the Court again. Lauren Lapidus again with Nelson Mullins. Kyle Carpenter on behalf of the defendants. And again, with the Court's permission, I respectfully request three minute rebuttal time. This appeal calls on this Court to protect Federal Rule of Civil Procedure 12F from being applied in such a heavy-handed manner that it deprives a party of a fair chance to develop and utilize a potentially dispositive affirmative defense. The error below is two-fold, on the points of waiver and on legal sufficiency. Specifically, the District Court's order under Rule 12F relied on an erroneous fact finding that the defendants offered no reason at all for the delay before we could evoke the available derivative immunity defense and applied an incorrect legal standard by concluding that we needed to specifically plead that a state instructed the allegedly infringing activities. Accordingly, the Rule 12F order should be reversed. First, with respect to waiver, in the Henrichs case You waited over a year after the relevant Supreme Court case was decided, right? I'm sorry, Judge Adler? This is the issue that you waited over a year after the law changed in your favor? That's correct, Judge Adler. Why did you wait over a year? I mean, that's a long time. After Allen v. Cooper was decided, there was no pending copyright infringement claim with which we could state under Rule 8C an affirmative defense. And that is because on about two weeks prior to when the United States Supreme Court ruled in Allen v. Cooper, the District Court granted summary judgment on the existing copyright infringement claim. So that issue was decided as a matter of law under Rule 56C of the Federal Rules of Civil Procedure. Why didn't you raise it as a motion to reconsider the partial summary judgment? Well, Judge Bush, I don't think when you look at the language of Rule 8C and Rule 12F and this Court's opinion in Hendricks that places too much of a heavy burden on a defendant because when you look at Rule 8C, what it says is we state an affirmative defense. And when a litigant states an affirmative defense, the litigant does so as a matter of right. But what I think my friend for the plaintiff, and I think that Your Honor's question is, well, did we have a duty to take extraordinary affirmative steps to try to undo an existing summary judgment order that's a rarely used tool? You're asking us to undo it now, so it seems not that extraordinary to at least ask the District Court first. But if this Court were to agree with our position, this would give us the ability to state this affirmative defense as a matter of right, not as of discretion. So when you're looking at Rule 54B, you're asking the District Court to undo a summary judgment order to then put everything back to a point in time. Well, if it was a partial summary judgment, wasn't it? True. I mean, wasn't the claim still pending before the District Court? True. That's true, Judge Bush. It could rise at any moment until final judgments were entered before the District Court, correct? I think that's correct. And I think the pressure point for this panel is to what extent does a defendant have to take affirmative steps to completely try to undo a decision to then make a defense available? I think what this Court in Henrichs says is we have an obligation to state an available affirmative defense. But we don't have to take affirmative steps to make that defense available to state in an answer to a complaint with respect to a claim that's no longer open. And I think the crucial question there is there was no open pleading for us to state an affirmative defense. So I think it was appropriate to wait until the first time that there was an open pleading to then state an affirmative defense. And this affirmative defense applies to the 2020 revised learning objectives, right? We weren't alleging the affirmative defense with respect to the original learning objectives. So the relief we were asking, I think, is more modest, Judge Bush, in that respect. You could have made a motion to amend, to add this defense with respect to the claim for which there had already been a summary judgment entered. You don't think, even though that claim was still pending, you couldn't have moved to amend the complaint at that point to allege a new defense? Well, procedurally, Judge Bush, I think that would have required quite a civil procedure gymnastics course. I think it would have required us to undo, to follow Rule 54b motion to reconsider the summary judgment order. The district court would have had to agree with our position and basically set aside the partial summary judgment order on the copyright infringement claim. Then we would have had to file a motion under Federal Rule of Civil Procedure 15 to then amend or in conjunction with the Rule 54b. And I think that's a critical point. 15b is a point of discretion. You're asking the district court, please exercise your discretion to allow me to state an affirmative defense. But I think what we were doing here is under Rule 8c, is we get, under the text of the rule anyway, we get to state the affirmative defense as a matter of right. So I think it was appropriate for us, in that instance, to wait until there was an open pleading to which we can state an affirmative defense. You say this is derivative of the state's sovereign immunity. I mean, wouldn't you expect a state, as soon as there is a sovereign immunity defense available, to assert it? I mean, no state wants to be in litigation more than they have to be. And if you're, you know, sometimes we hold it against the state if they continue to litigate a case, why should we treat you any differently? Well, the first trouble there, I think, Judge Radler, is the defense wasn't available as a matter of law itself until March 23rd of 2020. And then we have that period of time. So I guess the sense of urgency by the state would be to, I think, wait. It's a defense for suit, right? Yeah, it's a complete defense. That's correct, Judge Radler. So the whole suit goes away. So you would normally assert that right away. You normally would. There's a really unique procedural quirkiness to this case, which is there wasn't an open pleading to state the defense under Rule 8c until the court, the district court, ex meru motu, ordered that the complaint be amended to add these allegations with respect to the revised learning objectives, which then gave us the ability under Rule 8c to then state an available affirmative defense. And what if the court had concluded that, so the court ordered it. Let's say the plaintiff, I'm sorry, the plaintiff responded and said, we don't think an amendment's necessary. I mean, in question of the wisdom of arguing with the court. But let's say they said that and the judge said, you know, on further reflection, you're right. It's not necessary. Well, Judge, I think the trouble there is I think the law of this circuit holds that specifically a defense of immunity is an affirmative defense that has to be particularly, you know, contain, stated, alleged, whatever in the answer. So I think you have to have more of a formalistic process under the civil rules when we're dealing with an immunity defense. Can you answer my question now? Well, I guess, Judge White, your question is if the district court, by implication, said we will allow you to amend without exercise of discretion? No. If the court said to the plaintiff, I want you to amend your complaint. Okay. And let's say instead of just going ahead and doing it, they said, Judge, you know, I don't really think an amendment's necessary. And the judge said, well, you're right. You don't have to amend your complaint. Then what? I think we're in a different boat at that point. Because then we don't have a new pleading and new allegations to then be able to state an affirmative defense under Rule 8c. Are you saying that you never would have raised it? Well, I'm saying that we took the first available opportunity when there was an open pleading and the law allowed us to state that affirmative defense without having to go through Rule 15 or Rule 54 to be able to do it because Rule 8c says you get to do it as a matter of right, not as a matter of discretion. And I think that's the challenge the panel will encounter about it. Is there a distinction between the first and second, the original and the revised, as relates to this defense? I think the defense would apply the same with respect to both. You weren't given specific instructions on one but not the other? Well, I think that — It's a request for proposal. Well, the defense, as I understand it, would have been stated with respect to the 2020 revised learning objectives. And I think what we're asking is to — Well, why only as to that? Well, I suppose it's because I didn't know a defense could then apply to — I think it would — this, Judge White, is how I would see it unfolding if the panel would agree with our position. If the panel would agree with our position that the affirmative defense should be allowed to go forward on the 2020 revised learning objectives, I think then it's a matter for the district court to decide about whether it would apply with respect to the original learning objectives, too. I'm not sure that's — There's nothing about the facts that would make it apply to one but not the other. Well, I think that the facts could bear out in perhaps a different way with respect to what affidavit evidence, because I think the way this would come out is at summary judgment. All we're asking is we've stated the affirmative defense. We don't have to give notice — anything more than notice. This court has stated in Atkinson that this is a notice-pleading jurisdiction when it comes to affirmative defenses. We've stated it. And — yes, Judge Bush? You didn't limit the defense to one particular claim. It was just a defense that you raised in the answer, correct? That's correct. So it would apply, presumably, to all the claims? Presumably, that's correct. And I think what we're asking the court is to simply apply Rule 12-F in not such a heavy-handed way that it cuts off our ability to even try and develop this defense at summary judgment to be able to potentially result in a dispositive ruling on that point. Just to go back and clarify, with respect to the claim that the summary judgment was entered, you agreed that you had the ability to move for a discretionary amendment to your answer as soon as the Allen decision came down. I think, Judge Bush, yes, Your Honor. I think what would have been done, I presume, procedurally speaking, is it would have had to be some sort of motion under Rule 54-B and under Rule 15 together. It just appeared that we shouldn't penalize. You still have a right, as a right to amend, even though you did not take advantage of the ability to ask for a discretionary ability to amend. That's correct. That's the argument, and that's the distinction. Okay. Do you have any case law on that point, really, or is this just basically arguing the logic of the test? Well, I think, Judge Bush, I think Hendricks teaches us that an affirmative defense could be waived when a party, without any good cause, fails to invoke an available affirmative defense. Well, how do you invoke an affirmative defense that's available? You invoke it under Rule 8-C, which says you state it as a matter of right, not as a matter of asking the district court for discretion on that point. And I see my time is up, and I'll stand ready. Well, I just want to know if there's something special about this case or the amended complaint that assume an entirely different type of case where, you know, maybe it's a tort case, and it's a, well, I'm not going to come up with specifics now. So a case has been litigated without an affirmative defense. The law changes. The defendant doesn't ask for an amendment, doesn't seek to add it to the litigation. All the discovery is completed. The plaintiff asks to amend the complaint to conform to, just to be careful to the facts as developed. But it's the same case. There's nothing that's changed. And now the defendant wants to, as a matter of right, add an affirmative defense that applied to the case all along. Are you saying the judge has to permit it? Well, I think that what we're asking is for the offense to be applied, at least with respect to the 2020 revised learning objectives. The district court reopened on its own motion the complaint to add these. I know, but I gave you a hypothetical where the amendment did not change the nature of the case, and the defense would have been available for the original complaint and the amended complaint in the same way. So let's say, you know, it's qualified immunity. There was immunity in the beginning. There's immunity to the amended complaint. Are you saying the judge has to admit, has to permit that added defense that has never been raised as a matter of right, simply because there's a new complaint? I think under Rule 8c, that's what would be intended by the text of the rule. Okay. Because we're not in Rule 15 or Rule 54 land under Rule 8c. I'll stand ready if the panel has any further questions, but I see my time has well expired. Thank you. Good afternoon again. Laura Chapman again for the plaintiff and appellee ACT. The question was, shouldn't when – I'm sorry, are both – I'm going to argue this because I had always said I would argue this. She was going to argue likelihood of success, but that was in the other – Okay. That was in the other appeal. Thank you, Judge White. The question that the panel raised was, shouldn't defendants have done it sooner? And the answer is a resounding yes, and the reasons are multiple. The Allen case came out in March 2020. Judge Bush, to your question, there was a motion for reconsideration of the copyright summary judgment order when moved for reconsideration in April of 2020. So that's one opportunity that it could have been raised, and it was not. Nothing was said about it. There was a preliminary injunction hearing in 2021 on the revised learning objectives that they created in 2020. It was not raised then. The court actually invited the states, Judge Riedler, to your point, to give input on the injunction that the court was going to issue. And the court asked the states, you said you were invited to tell us anything, to tell the court if you're going to be harmed by the entry of this injunction. And none of the states mentioned the derivative sovereign immunity or any sovereign immunity. It is not true. So to answer the question, should it have been sooner, there were certainly multiple opportunities to do it sooner, and yes, it should have been done sooner. Another issue that was brought up is that they say, we accused the revised learning objections for the first time in the preliminary injunction motion. We actually obtained a copy of the revised objectives in 2020, and we had voice-to-voice communication that they were infringing and should not be used. And at no time ever did the defendants supplement their discovery responses as they have a continuing obligation to do under Rule 26 to provide any information or to do anything about those revised learning objectives. They had taken the position, I think, that they were not infringing, but they never said, hey, nor did they ever say, oh, something has changed. We originally infringed on our own accord. And I should say — What does that have to do with this affirmative defense, the discovery? I'm sorry. I'm sorry. Can you ask your question? What does this have to do with this affirmative defense? Well, I'm simply responding to the statement that they say we accused it for the first time in the preliminary injunction motion, and we're talking about the waiver issue and when this could have been brought up. And I'm saying — I understand that. I'm just not sure how they — why they had to amend their discovery answers. But counsel seems to be focusing on the language of the rule that says it's a matter of right. How do you respond to that? That they have the right to amend their answer or to answer the amended complaint? Yes. Well, you know, it's interesting because we actually — and this isn't our brief, and we actually did tell the district court that we did not believe that we had to amend our complaint. And we have to handle a lot of cases we don't amend the complaint. They keep infringing. You just, you know, you put it in discovery. You know, they certainly — if they're claiming today, which I think they — I heard them — I think they're saying different things. I think sometimes they're saying that the defense applies to the original learning objectives even though it shouldn't because South Carolina doesn't require this anymore. Well, I guess to that I would say — I would say, Judge White, I guess to that I would say there is no factual basis to assert the defense. It's never come up. They've never explained it. It's not — the factual basis is not stated in the supplemental answer. The state of South Carolina certainly didn't require it. They — Wynne has stated South Carolina actually changed the law not to require the ACT assessment by name. So there is no fact that would support the defense whatsoever. And that makes it — Sir, did South Carolina for the original — the original order of the summary judgment, was that just South Carolina that was at issue in that — for that order? Is that what you're saying? The summary judgment addressed infringement — the summary judgment wasn't necessarily limited to South Carolina. Okay. So were there other states that potentially this defense could have been raised with respect to — for that summary judgment work? Yes, it could have been raised with respect to the states that ended up responding to the court's request for input on the preliminary injunction. And those states were Arizona and Kentucky and Florida and South Carolina. But wait a minute. This was before or after the summary judgment order? After the summary judgment order. Right. So I don't think that — But the contracts that Wynne had, I believe — I believe I am correct when I tell you that at the time of the summary judgment order, Wynne had contracts with Arizona, Kentucky, South Carolina, and I'm hedging on Florida because — Okay. Florida had some questions about the ability to fund the program, so I'm not as clear on Florida. And I believe I accurately stated the others. But it's been a while since I looked at that specific issue. Okay. And that concerned the revised proposal? The summary judgment concerned — No. No. Those contracts. Those contracts. I believe that those contracts were entered into when the original learning — with the original learning objectives. And it's not the case — facts are not known to us. They've been hiding the ball. But it's not as — we've never heard Wynne say, factually something different has changed. We were told — and this is my hypothetical — we were told by state X that we must deliver a non-infringing product. And therefore, we changed the learning objectives and we gave them new learning objectives that we contend to not infringe. Okay? Like, that never happened. I don't know if that's what happened because — I mean, I'm not sure that — But that would — Anyway, but — But that would have triggered, you know, some kind of change in facts. To your point, I think, earlier, Judge White, might have triggered them to say, okay, now that we are being affirmatively instructed by state whatever, whichever state it was, we now may have a basis after the Allen case was published to make that argument. Okay. But I'm not — I think what you're saying is that, in any event, it's frivolous. But, I mean, we don't dismiss claims and defenses as frivolous unless it's, you know, under no factual development. And I think that's a difficult road to go. I would say this, because I'm watching the clock and it's ticking down. I would say this. I don't think that the waiver is the hill that I want to die on for the rest of my time in the six minutes and 42 seconds left, if I may. If I may move on away from the waiver issue. There is a very important issue on this derivative sovereign immunity issue that we hear about today that the defendant's reply brief does not address, that I would like to take a few minutes to speak with you about. And that is, derivative sovereign immunity requires that the state have the right and legal authority to direct the act for which the defendant seeks immunity. So it's not enough that the state simply tells someone to do it. The state has to be authorized and permitted to do it. At the federal level, the derivative sovereign immunity doctrine applies only when a contractor takes actions that are authorized and directed by the government of the United States and performed pursuant to the act of Congress authorizing the agent's activity. And that's the In Re Data Security Breach Litigation Case 928F3rd at 69. When a contractor violates both federal law and the government's explicit instructions, derivative sovereign immunity could shield them, but the government's authority has to be validly conferred. And that's in the Campbell-Ewald v. Gomez case, 577 U.S. 153-167. And here is the important point that they don't respond to in their reply brief. The federal copyright law applies to everyone. It applies to the states. Even though the 11th Amendment gives them sovereign immunity, the Supreme Court stated in Allen v. Cooper, the case that the defendants rely on, that the states don't have the right to infringe copyrights. Unfortunately, there's no remedy, but still, that they don't have the right to do it. The Supreme Court expressly stated that, like individuals, states have a duty not to infringe, despite their immunity from suit. And the court explained, Congress has power under Article I to promote the progress of science and useful arts by securing for limited times to authors and inventors the exclusive rights to their respective writing and discoveries. That provision, call it the Intellectual Property Clause, enables Congress to grant both copyrights and patents. And the monopoly rights, so given, impose a corresponding duty, i.e. not to infringe, on states, no less than private parties. The Allen case involved whether the state of North Carolina could be sued and liable for copyright infringement. So, Allen is saying, the Supreme Court is saying in that case, the states don't have the authority to tell people to infringe copyrights. And without that valid ability to authorize or direct infringement, you can't have a derivative sovereign immunity defense. But that's not... I mean, that should be subject of a motion for summary judgment. Is that the basis on which the judge said that it's futile? The judge said it's futile? The judge said it was frivolous. That it was a frivolous claim. And I assume meant that it's futile, right? Yes. Okay. I wouldn't die on that hill, that's for sure. Fair enough. What did you say? I wouldn't die on that hill. That's for sure. I mean, yeah, but the other point here is, given where we're at at this point in the case, and when they raise this, there's just zero evidence of it ever happening. So we're really talking about this theoretical ploy to delay. And that is a frivolous exercise. Okay, but what's the harm in letting it get fleshed out when you go back? Because trial is in August of this year. It's very imminent. But that goes back to the delay. So then you get to this question, is HC absolute? Or, you know, is it an absolute right whenever there's a new complaint? Or is it not absolute? In view of the amount of opportunities they had to raise it before, it should not be absolute. In view of the fact that they knew what they knew when they knew it, it should not be absolute. Do you have any case law to support that? What would be your best case for that? I do not as I stand here at this moment. Okay. Well, you're both invited to submit supplemental briefs on that within seven days if that's something that you come up with. Thank you. Is that it? That's it. Okay. Any further questions? Okay. Rebuttal. Thank you very much. Thank you very much. Thank you. I'll just take a few moments to talk about the legal sufficiency prong. My friend for the plaintiff said there's zero evidence to support the defense. That's because we haven't been given an opportunity to develop it. It can easily be done. And Judge White, that goes to your point about, you know, the standard review on 12F. Such motions are extremely disfavored in this circuit. And they're only appropriate, and this is a quote from the case, when it appears to a certainty that plaintiff would succeed despite any facts which could be proved in support of the defense and are inferrable from the pleadings. And I don't think that demanding standard was met here. The district court said that there's been a violation of federal law and of the government's instructions, so the defense should be stricken. But the problem there is that that finding of a violation of federal law had to do with the original learning objectives with respect to the summary judgment order, not the revised learning objectives. Any legal analysis with respect to the revised learning objectives, that was done in the PI order. And under the law of this circuit, that's not law of the case. That's an open question, and we're free to litigate that on the merits. And two, we haven't been given an opportunity to develop the evidence in support of what the government's instructions would be, and we think that we would be able to show that and tee that up on a motion for summary judgment, you know, in due time. The pleadings, I think, render it squarely inferrable that one or more states provided these instructions to defendants, which were not required to plead because we are a notice pleading jurisdiction. And I just would like, in my remaining moment, to point the court to the allegations of plaintiff's second amended complaint, which amply illustrate that point. I'd point the court to paragraphs 54, 81, 96, 97, and 126. And all of these explain how we were under contract and under the direction of various states in our time with the states. So for these reasons, we would appreciate the chance to take the court up on its kind invitation to provide a supplemental brief within seven days, and we'll provide to do so. And in the interim, we'd just respectfully request that the court reverse and remand. Just so I'm clear, the invitation is any law that you come up with, and not an invitation to re-argue what's already been argued. Correct. Understood. Thank you, Judge White. All right. The case will be submitted. That's it for the oral arguments today, and thank you all.